# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: T.L. and T.W.**

**No. 13-0650** (Preston County 12-JA-21 and 12-JA-22)

**FILED**

November 26, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother filed this appeal, by counsel Richard M. Gutmann, from the Circuit Court of Preston County, which terminated her parental rights to the subject children by order entered on May 14, 2013. The guardian ad litem for the children, Chaelyn W. Casteel, filed a response in support of the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney Lee A. Niezgoda, has also filed a response in support of the circuit court's order. Petitioner argues that the circuit court erroneously terminated her parental rights without sufficient evidence and that a less restrictive alternative to termination was available.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2012, the DHHR filed the petition that initiated the instant case. The petition alleged that petitioner abused and neglected both children, who were then eight and two years old, due to her drug abuse. These allegations specified that petitioner's drug abuse resulted in sporadic visitation with T.L. and visits with T.L. to inappropriate places, and caused T.W. to test positive for opiates at birth. The petition also included that petitioner admitted to using heroin during the first five months of her pregnancy with T.W. and that petitioner was previously charged with drug possession and other related misdemeanors.

The circuit court held adjudicatory hearings in August and September of 2012. Petitioner appeared for the first hearing, but failed to appear for the remaining hearings. At the last adjudicatory hearing and at the dispositional hearing, the director of Preston County Community Corrections testified that petitioner had recently tested positive for benzodiazepines, cannabinoids, cocaine, and opiates, but that petitioner denied using those drugs. The circuit court adjudicated petitioner as abusive and neglectful and ordered that petitioner take steps to find an appropriate drug rehabilitation program.

Following the dispositional hearing, the circuit court found that petitioner habitually abused controlled substances/drugs to the extent that her parenting skills were seriously impaired. The circuit court also found that petitioner did not respond to, or follow through with, the recommended treatment, which could have improved the capacity for adequate parental

1

functioning. The circuit court terminated petitioner's parental rights to the subject children without post-termination visitation. Petitioner now brings this appeal.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Petitioner's sole argument on appeal is that the circuit court erred in terminating her parental rights where insufficient evidence was presented to establish by clear and convincing evidence that the termination was necessary for the children's welfare. She also asserts that this evidence was insufficient to conclude that termination was in the best interests of the children because an appropriate less drastic measure existed to ensure the children's welfare: their placement with relatives. Petitioner argues that an alternative disposition short of termination would have preserved her parental rights to the children while also protecting their best interests.

Upon our review of the record, we find no error or abuse of discretion by the circuit court. We bear in mind the following:

"[C]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. Pt. 1, in part, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 4, 228 W.Va. 89, 717 S.E.2d 873 (2011). "'Although parents have substantial rights that must be protected, the primary goal in cases involving abuse and neglect, as in all family law matters, must be the health and welfare of the children.' Syl. Pt. 3, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996)." Syl. Pt. 2, *In re Timber M.*, 231 W.Va. 44, 743 S.E.2d 352 (2013). The record includes a copy of the circuit court's adjudicatory order, which made thorough findings of petitioner's abuse and neglect of her children. A number of witnesses testified to petitioner's

continued drug abuse and lack of care and contact with her children. For instance, petitioner's sister testified that she observed petitioner using drugs while pregnant. T.L.'s father testified regarding petitioner's sporadic and infrequent contact with T.L. and the resulting negative emotional impact on T.L. Our review of the dispositional hearing transcript indicates that petitioner made no positive improvements throughout her case to warrant retention of her parental rights. The record and the circuit court's findings support its conclusions that there was no reasonable likelihood to believe that conditions of abuse and neglect could be substantially corrected in the near future, and that termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 26, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II